STATE OF WISCONSIN   CIRCUIT COURT   WAUKESHA COUNTY

**Bohren**

**18CV2154**

Gregory A. Thompson
6810 Cross Country Rd
Verona, WI 53593

        , Plaintiff

   vs.

**SUMMONS**

CASE NO.
Case Code: 30106
Case Type: Intentional Tort

Michael D. Frede, as individual
W330 N4191 Lakeland Drive
Nashotah, WI 53058; and

VentureSpace, LLC, a Wisconsin Company
PO Box 180251
Delafield, WI 53018; and

VS Capitol Drive, LLC, a Wisconsin Company
W330 N4191 Lakeland Drive
Nashotah, WI 53058; and

**FILED**

NOV 2 7 2018

CIRCUIT COURT
WAUKESHA COUNTY, WI

Michael D. Frede, as trustee of Frede Trust
W330 N4191 Lakeland Drive
Nashotah, WI 53058; and

Daniel J Marks, as individual
N1411 Ranch Rd.
Watertown, WI 53098-3727; and

VentureSpace Condominium Association-Sussex LLC, a Wisconsin Company
N1411 Ranch Rd.
Watertown, WI 53098-3727; and

Andrea Johnson, as individual
628 Milwaukee St.,
Delafield, WI 53018; and

Encompass Realty LLC, a Wisconsin Company
628 Milwaukee St.,
Delafield, WI 53018; and

EXHIBIT A

Konigin Developments LLC, a Wisconsin Company
620 Milwaukee St., Delafield, WI 53018

, Defendants

---

THE STATE OF WISCONSIN,

To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be delivered to the **Clerk of Circuit Court, Civil Division, Room C-167, Waukesha County Courthouse, whose address is 515 W. Moreland Blvd., Waukesha WI** or mailed to **P.O. Box 1627, Waukesha, WI 53187-1627; and to Gregory A. Thompson, whose address is 6810 Cross Country Rd. Verona, WI 53593.**

You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: November 26, 2018

Signed: _____

Gregory A. Thompson
6810 Cross Country Rd.
Verona WI 53593
(608) 444 1515
ssusa@tds.net

STATE OF WISCONSIN   CIRCUIT COURT   WAUKESHA COUNTY

**18CV2154**

Gregory A. Thompson
6810 Cross Country Rd
Verona, WI 53593

CASE NO.

,Plaintiff

COMPLAINT FOR DAMAGES

vs.

Michael D. Frede, as individual

**JURY DEMANDED**

W330 N4191 Lakeland Drive
Nashotah, WI 53058; and

Venture Space, LLC, a Wisconsin Company
PO Box 180251
Delafield, WI 53018; and

VS Capitol Drive, LLC, a Wisconsin Company
W330 N4191 Lakeland Drive
Nashotah, WI 53058; and

**FILED**

NOV 2 7 2018

Michael D. Frede, as trustee of Frede Trust
W330 N4191 Lakeland Drive
Nashotah, WI 53058; and

CIRCUIT COURT
WAUKESHA COUNTY, WI

Daniel J Marks, as individual
N1411 Ranch Rd.
Watertown, WI 53098-3727; and

VentureSpace Condominium Association-Sussex LLC, a Wisconsin Company
N1411 Ranch Rd.
Watertown, WI 53098-3727; and

Andrea Johnson, as individual
628 Milwaukee St.,
Delafield, WI 53018; and

Encompass Realty LLC, a Wisconsin Company
628 Milwaukee St.,
Delafield, WI 53018; and

Konigin Developments LLC, a Wisconsin Company
620 Milwaukee St., Delafield, WI 53018

, Defendants

---

COME NOW the plaintiff, Gregory A. Thompson to allege as follows:

**THE PARTIES**

1. Gregory A. Thompson ("Thompson"), plaintiff, lives and works from his residence located at 6810 Cross Country Rd, Town of Verona, Dane County, Wisconsin. Thompson owns the copyright, trade secrets, and commercial trade dress for the twenty-one (21) StorageShopUSA™ developments throughout the state of Wisconsin.

2. The defendant Michael D Frede ("Frede") lives at W330 N4191 Lakeland Drive Nashotah, WI 53058, Waukesha County, Wisconsin. Frede operates a real estate development business called VentureSpace. Frede also maintains a website with an address at www. VentureSpace.us. Frede has developments located in the Village of Sussex and City of Oconomowoc, both in Waukesha County, and one in the Village of Cedarburg, Ozaukee County.

3. The defendant Venture Space, LLC ("VS LLC"), is a limited liability company organized and existing under the laws of the State of Wisconsin, with its headquarters and principle place of business located at W330 N4191 Lakeland Drive Nashotah, WI 53058, and mailing address noted as PO Box 180251 Delafield, WI 53018, where it does business as a real estate developer in Waukesha, Ozaukee, and Milwaukee counties. Frede is the registered agent for VentureSpace, LLC, and Frede Trust is its sole member.

4. The defendant VS Capitol Drive LLC ("VS Capitol"), is a limited liability company organized and existing under the laws of the State of Wisconsin, with its headquarters and principle place of business located at W330 N4191 Lakeland Drive Nashotah, WI 53058, and is a registered owner of an approved VentureSpace development for commercial condominiums located at 1207-1229 W. Capitol Drive, City of Oconomowoc, Waukesha County. Frede is the registered agent for VS Capitol Drive, LLC.

5.       The defendant Michael D Frede ("Frede") lives at W330 N4191 Lakeland Drive Nashotah, WI 53058, Waukesha County, Wisconsin. Frede is an authorized Trustee of Frede Trust, the sole member of VentureSpace, LLC.

6.       The defendant Daniel J Marks ("Marks") lives at N1411 Ranch Rd Watertown, WI 53098-3727. Marks, a business person, invested in Frede's VentureSpace commercial condominium development in the village of Sussex. Marks is the registered agent of VentureSpace Condominium Association-Sussex LLC.

7.       The defendant VentureSpace Condominium Association-Sussex LLC ("VS Sussex") is a limited liability company organized and existing under the laws of the State of Wisconsin, with its headquarters and principle place of business located at N1411 Ranch Rd Watertown, WI 53098-3727. VS Sussex is the registered owner of Frede's VentureSpace commercial condominium development located on Silver Spring Dr, Village of Sussex, more accurately described as tax parcel SUXV0242997006, Waukesha County.

8.       The defendant Andrea Johnson ("Johnson") operates a real estate business at 628 Milwaukee St Delafield, WI 53018. Johnson, the owner of Encompass Realty, LLC, markets both Frede's and Marks' VentureSpace commercial condominiums, and also, doing business as Konigin Developments, LLC, invested in Frede's VS Capitol development.

9.       The defendant Encompass Realty LLC ("Encompass"), is a limited liability company organized and existing under the laws of the State of Wisconsin, with its headquarters and principle place of business located at 628 Milwaukee St., Delafield, WI 53018, Waukesha County. Johnson is the registered agent of Encompass Realty LLC, a licensed real estate brokerage business operating generally in the Waukesha County area and has listed and marketed properties associated with Frede, VSLLC, VS Capitol, VS Sussex, and Marks.

10.      The defendant Konigin Developments LLC ("Konigin") is a limited liability company organized and existing under the laws of the State of Wisconsin, with its headquarters and principle place of business located at the same place of business as Encompass, 620 Milwaukee St., Delafield, WI 53018, Waukesha County. Konigin is a registered owner (along with VS Capitol) of Frede's VentureSpace commercial condominiums located at 1207-1229 W. Capitol Drive, City of Oconomowoc, Waukesha County. Johnson is the registered agent for both Konigin and Encompass.

## FACTUAL ALLEGATIONS AND THE NATURE OF THE ACTION

11.     Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

12.     Over the last 15 years, Thompson has developed twenty-one (21) StorageShopUSA™ developments throughout Wisconsin. Basically, a "StorageShop" is a commercially zoned big garage you can utilize for storage, business or personal needs.     The concept is a unique twist to the real estate market and StorageShopUSA™ has emerged as a leader in the *"storage condo"* industry throughout the country. StorageShopUSA™ developments utilizes smaller 2500sf separate "duplex" style buildings with private sewer and water mains and laterals and are sold to people looking for affordable commercial space for a very wide variety of uses. Each StorageShopUSA™ development uses the <u>same copyrighted building design, incorporates trade secrets to form an identifiable pattern, and formulates a distinct commercial trade dress</u>. The developments have been very successful with over 270 units sold.

13.     As the founder of the StorageShopUSA™ concept, Thompson offers, and has sold to others,  an opportunity to leverage the success of the StorageShopUSA developments through a Consulting and Contract Purchase Agreement ("Agreement"); whereby, licensees' can utilize the copyrighted plans, trade secrets, and commercial trade dress unique to StorageShopUSA™ to own and develop commercial condominiums.

14.     On May 27, 2015, Frede, in his individual capacity, contacted Thompson with interest in participating in a StorageShopUSA development.  The basic terms of the Agreement Thompson offers were discussed and the conversation was typical for first contact. The call lasted 12 minutes.

15.     Eleven days later, and with no additional contact with Thompson, Frede purchased the www.VentureSpace.us web domain; the same domain he uses today to market "his" *storage condo* developments, but uses pictures of Thompson's StorageShopUSA™ copyrighted buildings.

16.     Shortly thereafter, Frede indicated he wasn't interested in the Agreement; but rather, wished to negotiate the purchase of the entire StorageShopUSA™ – Delafield development; a development Thompson was planning at the time. Frede and Thompson met at Culvers in Johnson Creek, WI. Thompson had never considered selling the entire development before but said he would think about it. A series of emails followed and Thompson said he would consider a buyout (in the form of a developer fee) which would include an executed Agreement and its associated fees.

17.     Frede later claimed that he had a group of investors that were interested, and in order for he and his investors to decide, they needed more project specific information. Frede requested more specific financial information regarding the development. Thompson provided such information in good faith.

18.     During the course of the next several months, Frede requested information from Thompson and gained specialized knowledge of a StorageShopUSA development all under under the premise that, instead of participating in a simple license agreement for some future development, he had investors that would be interested in "buying out" the StorageShopUSA ™ - Delafield development. Frede requested additional financial information he claimed necessary for his investors to make an informed decision regarding a buyout of the development.   Thompson provided such information and specialized knowledge in good faith.

19.     Frede improperly obtained the information when he misrepresented his intentions and upon information and belief never intended to engage in a license agreement as evidenced by his action to set up the website www.VentureSpace.us website June 7, 2015, only days after first contact with Thompson, without Thompson's knowledge, and still acting as an interested Licensee.

20.     Frede eventually claimed his investors couldn't decide on the purchase of the development; however, personally, he was still interested in some sort of participation. Frede, being from the immediate area, indicated he could find buyers for the units. Not aware of Frede's ulterior motives, Thompson agreed to sell to Frede the "condo lots" for a specified price. In turn, when Frede found a buyer, he could build the StorageShopUSA™ building, essentially acting as the general contractor. It was necessary for Thompson to give a complete set of the state approved plans to Frede. Frede

gained substantial and specialized knowledge of the design value, financials, construction details, and profits, not just for the sake of being a general contractor, but to misappropriate the information to advance his cause to develop the same type of commercial condominiums under the VentureSpace tradename – effectively, copying StorageShopUSA™.

21.      Frede became infinitely more aware of the StorageShopUSA™ building design and specific proprietary construction costs through the direct contact with Thompson and his copyrighted plans, specifications, design elements, experience, knowledge and financials, and at the same time secretly made plans to copy the pattern and develop his own location in Oconomowoc.

22.      Prior to Thompson even gaining approval for the StorageShopUSA™ - Delafield development, in October, 2015, and without disclosing Frede's intentions to Thompson, Frede filed Venture Space, LLC with the Department of Financial Institutions. Frede designed the www.VentureSpace.us website to market commercial condominium units with the pictures, descriptions, and pricing structure, etc., of the StorageShopUSA™ developments.

23.      Thompson did not authorize Frede to create any websites, flyers, advertisements, etc. to help facilitate sales. The sales Frede was expected to make were from his contacts with people in the community for which he was part of for many years. Thompson discovered Frede's unauthorized practice when his excavation subcontractor, Spende Excavating, notified him of a yard sign installed at Frede's house advertising VentureSpace.

24.      Thompson visited the www.VenntureSpace.us and realized Frede was advertising VentureSpace with the StorageShopUSA pictures and nearly identical website content and did so without Thompson's knowledge or authorization.

25.      Thompson responded via several emails telling Frede that he couldn't use craigslist, create websites, or create any marketing material containing StorageShopUSA™ pictures to solicit buyers; but rather, direct them to the StorageShopUSA™ website, not to www.VentureSpace.us. Frede claimed he was doing so to sell units at the StorageShopUSA™ - Delafield location. Thompson informed Frede that such actions would cause confusion and are in conflict with Thompson's consistent marketing methods. Frede was told to

stop. Frede said "ok".

26.     Without Thompson's knowledge and against his authority, Frede willfully set up his website and put pictures of the StorageShopUSA™ projects and began to market his own projects. Frede sent an electrical contractor to the Delafield site in an effort to prepare a bid. Thompson encountered the contractor and he was told there is already an electric contractor for the Delafield job, to which the contractor replied, "I am doing this for the ones that are going up in Oconomowoc". Thompson had no pending project in Oconomowoc.

27.     Thompson confirmed with Jerry Erdman, a local real estate broker familiar with Oconomowoc and the StorageShopUSA™ projects, that Frede was in fact considering copying the StorageShopUSA™ development at a location in Oconomowoc.

28.     Thompson communicated to Frede that he would not sell anymore lots to him and informed him that anybody he sent to the Delafield location would be arrested for trespassing.

29.     Frede and VSLLC continued to represent that they were a developer of commercial condominiums substantially similar to StorageShopUSA™. They stole Thompson's StorageShopUSA™ commercial trade dress by using only pictures of StorageShopUSA™ developments in their effort to bring their VentureSpace commercial condominiums to market.

30.     Over the next year, Frede's efforts to bring VentureSpace into the storage condo industry, involved the use of improperly obtained specialized knowledge, trade secrets, and the commercial trade dress of the unique StorageShopUSA™ developments, to specifically, address municipal agencies to gain approvals. Frede inferred his experience and affiliation with StorageShopUSA™'s design, construction, methods, trade secret pattern, and StorageShopUSA™'s success was beneficial to what was clearly a substantially similar project he was proposing. Frede continues to present, construct, propose and represent essentially identical, condo and storage developments, in Waukesha, Ozaukee and other counties in the Wisconsin area.

31.    Frede has gained approval of three commercial condo developments while representing an affiliation with the very successful StorageShopUSA™ developments.

32.    On September 21, 2016 Frede and VSLLC presented a commercial condominium development in the Town of Cedarburg where they specifically identified the exact same duplex buildings with each unit 1250sf and that they have been constructed in multiple StorageShopUSA™ locations including Delafield. They represented their affiliation when they indicated they were "involve" with building similar units in Delafield and then directly lead people to contact www.VentureSpace.us for more information. The plan commission submittal showed pictures taken from various StorageShopUSA ™ developments. The project was substantially similar in design, layout, and appearance and was approved March 1, 2017

33.    In Oct, 2016, while still in possession of the StorageShopUSA™ building plans, based on information and belief, Frede gave the plans to Jendusa Engineering to have substantially similar plans drawn for his VentureSpace developments.

34.    On January 1, 2017, Frede and VSLLC presented a commercial condominium development to the Village of Sussex in which they provided their own renderings of the buildings they propose to construct in Sussex but also showed pictures of the StorageShopUSA™ buildings because they were substantially similar. Frede leveraged their affiliation with the project in Delafield to demonstrate credibility and know-how and ultimately garner approvals from the Village of Sussex. The project was substantially similar in design, layout, and appearance and was approved March 21, 2017

35.    On February 13, 2017, Thompson, as the owner of the copyright and commercial trade dress of StorageShopUSA™, issued a cease and desist order to Frede. Frede ignored the cease and desist order.

36.    On March 2, 2017, Thompson issued another letter indicating Frede's presentation to the Village of Sussex plan commission constituted willful infringement and blatant disregard of the rights of Thompson and the constant misrepresentation of his affiliation or connection with the StorageShopUSA™ developments.

37.      Frede hired Johnson and Encompass Realty to actively market the VentureSpace developments. They used the pictures and the commercial trade dress of the StorageShopUSA™ developments, and specifically directed people to the past and current StorageShopUSA™ projects in order to sell the substantially similar VentureSpace units. To date, there is not one VentureSpace unit completed.

38.      Instead of Encompass using the renderings of a VentureSpace proposed building, they created website content, created ads in magazines, and produces product flyers, all of which used pictures of a copyrighted StorageShopUSA™ buildings, and in conjunction, leveraged the commercial trade dress of the StorageShopUSA™ developments, in order to sell a "substantially similar" building (not built yet).

39.      After repeated warnings and no response, on August 30, 2017, Frede and VSLLC, intentionally, presented a commercial condominium development to the City of Oconomowoc using various pictures of Thompson's StorageShopUSA™ developments. The project was approved in March, 2018.

40.      Frede's declared affiliation with the successful StorageShopUSA™ concept and his possession of the trade secrets enabled him to secure an investor for the Village of Sussex development. Marks, in his individual capacity, upon information and belief, knowingly received improperly obtained information from Frede, performed due diligence, discerned and then negotiated a purchase or "buy in" of Frede's Sussex development. Marks then formed VS Sussex and took ownership interest in the property on September 26, 2017. Upon information and belief, Frede then sold his interest in the development to VS Sussex.

41.      Upon information and belief, Marks did not have significant experience in real estate development or with the general knowledge of the commercial building construction trade, and in particular, the storage condo industry. Lacking any relevant experience and knowledge, and after being given significant financial information improperly obtained by Frede, Marks knowingly invested in the successful StorageShopUSA™ pattern under the VentureSpace decoy.

42.     On October 16, 2017, Thompson, as the owner of the copyright and commercial trade dress of StorageShopUSA™, issued a cease and desist order to Marks. Marks ignored the cease and desist letter.

43.     On January 25, 2018, Marks continued its engagement with Encompass Realty by signing a listing agreement knowing full well they were intentionally using Thompson's StorageShopUSA™ development pictures and their affiliation with its success.

44.     On November 29, 2017, Thompson sent an email to Encompass requesting that Johnson remove any and all advertising with pictures of the StorageShopUSA™ buildings. Johnson and Encompass ignored the request.

45.     On December 4, 2017, Thompson filed a complaint to the Wisconsin Department of Safety and Professional Services and the Real Estate Examining Board. The Board did not investigate the complaint and concluded on March 15, 2018 that the matter is better suited for civil court.

46.     Frede again was able to leverage his specialize knowledge and association with the very successful StorageShopUSA™ developments evidenced by his consistent and continued use of pictures and commercial trade dress of Thompson's StorageShopUSA™ projects, to convince Johnson to take ownership into Frede's Oconomowoc development. On March 13, 2017, Frede, in his individual capacity, formed VS Capital and purchased the Oconomowoc property but then the next day, on March 14, 2018, VS Capital quit claimed 50% ownership to Konigin (which is essentially Johnson's). Johnson, in her individual capacity, upon information and belief, knowingly received improperly obtained information from Frede, performed due diligence, discerned and then negotiated a purchase or "buy in" of Frede's Oconomowoc development. Johnson then formed Konigin to take ownership interest in the property.

47.     Upon information and belief, Johnson did not have significant experience in real estate development or with the general knowledge of the commercial building construction trade, and in particular, the storage condo industry. Lacking any relevant experience and knowledge, and after being given significant financial information, improperly obtained by Frede, Johnson knowingly invested in the

successful StorageShopUSA™ pattern under the VentureSpace decoy.

48.      Thompson filed this complaint in an effort to stop the defendants' intentional tortious actions and misappropriation of StorageShopUSA™ buildings, design, development, and trade secrets for their gain.   Doing so, has caused and continues to cause commercial harm to Thompson both in law and equity.

## Claim No. 1 – Misappropriation

49.      Plaintiffs incorporate by reference the allegations above as if fully set forth herein.

50.      Defendants violated Uniform Trade Secret Act, Wis. Stats.§ 134.90 when they used and continue to use Thompson's StorageShopUSA™ pattern and commercial trade secrets, without authorization,  for their own use and personal gain causing commercial harm to Thompson both in law and equity.

51.      Thompson's StorageShopUSA™ pattern is unique, comprised of original work, and has produced a competitive advantage.  The distinct pattern within each development was formed as a result of a compilation of know-how through 15 years of experience, 21 developments, and over 270 units sold.   Trademark identity, copyrighted building plans, design features, location characteristics, site layout, building size, construction techniques, all craftily intertwined with commercial building codes and municipal ordinances , formulates the "know how", to produce an immediate and recognizable value at a price point others in the same general trade can't seem to reach and is evidenced by its dominant market share.  StorageShopUSA™'s competitive advantage is only available through license agreements, many of which have been sold throughout Wisconsin.

52.      The StorageShopUSA developments have been described as "uniquely packaged" by many planning agencies, news article, and radio shows.  Defendants Johnson and Frede referred to the developments as unique building style and unique real estate ownership".  The StorageShopUSA™ name and pattern for development has established a secondary meaning, and consumers contact Thompson to be placed on a list for future development in their respective area.

53.      The compilation of Thompson's StorageShopUSA™ development information (trade secrets) results in a specific pattern which can be easily identified visually.  The defendants' commercial

developments copy or mimic the StorageShopUSA™ pattern so much that they utilize pictures of the buildings and make appointments to show prospective buyers the StorageShopUSA™ location in Delafield.

54.     Thompson offered Frede an opportunity to purchase a license agreement but he declined. The license agreement contains a confidentiality agreement and all material disclosed to purchaser is confidential and some proprietary to owner regardless if available publically. It is not assignable. Thompson has engaged in four license agreements thus far in 2018 and multiple others over the last 15 years.

55.     The building plans have federal copyright protection.

56.     There is a distinct economic advantage to using the StorageShopUSA™ pattern and Licensees appreciate the competitive advantage of not having to "reinvent the wheel" and simply "ride" the success of the pattern.

57.     Thompson's StorageShopUSA™ unique pattern uses common components arranged and/or packaged differently to create an attractive and immediately recognizable value. Over 270 units sold – all the same building and layout.

58.     The information and know how was improperly ascertained though Frede's deceptive intent to purchase either a license agreement or the entire StorageShopUSA™ –Delafield development, and instead, pilfered the trade secrets from Thompson, set up his own website and started marketing his own developments all without Thompson's knowledge. Frede, first set up the VentureSpace website, and then stole the trade secrets from Thompson to produces a nearly identical development.

59.     In an effort to provide the  information Frede claimed his investors needed, Thompson emphasized certain aspects, provided constructive proof of financial elements, affirmed the merits of the pattern , and showed the significance of the pattern and know- how which identify the developments as uniquely different than other competing sites. Such information caused Frede to recognize the value of the pattern so much that he mimicked and misappropriated it, creating a substantially similar building and pattern so much that he used and continues to use pictures of the StorageShopUSA™ developments to market his VentureSpace projects.

60.     Trade secrets were acquired deceptively when Frede continually mislead Thompson into believing that Frede's interest would be to purchase an Agreement or the entire Delafield development, and had the ability to do so. During those discussions,

Thompson disclosed and explained to Frede more details of his formula, patterns, programs, devices, methods and techniques which provide the basis for the StorageShopUSA™ developments to be highly profitable. Further, once Frede claimed his investors were not interested in purchasing the development, and having already set up a competing website, still unbeknownst to Thompson, continued to want to be involve in the Delafield project in some fashion in order to further pilfer detailed StorageShopUSA™ information for his use with VentureSpace.

61.     Frede was not authorized or given permission to use the StorageShopUSA™ affiliation, identity, or know how. Specifically, he was told not to represent any affiliation with StorageShopUSA™ through websites, pictures, marketing, etc. but did so otherwise.

62.     Frede copied the pattern set and established over 15 years and sought to capitalize from its success. Frede understood the significant value of the trade secret pattern, obtained improperly, to create VentureSpace to be the same as evidenced by their continued use of the StorageShopUSA™ pictures to represent their developments.

63.     Frede had a complete set of approved plans he used to prepare a substantially similar plan for the VentureSpace developments and continuously marketed their buildings with pictures of the copyrighted StorageShopUSA™ buildings. The VentureSpace renderings sufficiently utilize the same duplex style, residential feel and look, size, layout, and site layout to claim similarity with the StorageShopUSA™ developments and success – that's why they market the VentureSpace projects showing the StorageShopUSA™ pictures.

64.     The value gained through the misappropriation is so significant that defendants refuse to take down pictures from websites, stop using the StorageShopUSA™ pictures in advertisements, and stop showing the StorageShopUSA™ units in Delafield, even though they have their own VentureSpace building renderings to show prospective buyers.

65.     Upon information and belief, Frede used the similarity of the StorageShopUSA™ development pattern with his proposed VentureSpace development in Sussex combined with the, improperly obtained, known high profitable pattern to sell Marks the VentureSpace development. Frede used the know-how of the StorageShopUSA™ pattern and then sold it for his gain. Thompson never received any compensation from Frede nor did Marks pay the license fee.

66.     Marks and Johnson, both competent business owners, knew of Frede's claimed affiliation with the StorageShopUSA™ developments and had reason to know of the unauthorized use of the StorageShopUSA™ pattern, particularly, when Frede used pictures of the StorageShopUSA™ developments to represent VentureSpace. The loss of future license fees from Marks and Johnson was a foreseeable consequence of Frede's misconduct.

67.     Defendant's action show deliberate and intentional use of the StorageShopUSA™ pattern evidenced by the strategic use of its pictures on their websites, flyers, and other papers. When confronted and told to stop via emails and cease and desist letters, defendants, with malevolent intent, ignored Thompson's requests, and continued their tortious actions.

68.     Frede leveraged Thompson's StorageShopUSA™ success pattern to garner investor interest. Frede, Johnson and Marks were all asked to stop using the StorageShopUSA™ pictures and they refused. Such action proves that there is a clear and evident affiliation with the success of StorageShopUSA™ that they do not want to give up.

69.     Frede used his business dealings with Thompson to mischievously acquire the specialized knowledge necessary to attempt a StorageShopUSA™ Development. Such knowledge is available to the public only through an Agreement offered by Thompson. Frede misrepresented his interests and never intended on signing the Agreement nor did he have the purported investors to purchase the StorageShopUSA – Delafield Development. Frede pulled information from Thompson under the guise that the investors needed the information to make their decision, but instead, used it to build VentureSpace.

70.     Frede set up the VentureSpace website within the first few months of contact with Thompson and without Thompson knowing about it. Several months later, Thompson eventually found out on his own when a contractor working at the Delafield site noticed a VentureSpace.us sign at Frede's residence. Frede was immediately asked to remove any and all pictures of the StorageShopUSA™ developments from the website. Frede refused.

71.     Frede had every intention of building VentureSpace using the specialized knowledge gained from his association with Thompson and then "copy" the StorageShopUSA™ development by invoking the same commercial trade dress using pictures and the copyrighted and state approved plans he had in his possession. This action is further evidenced by Frede's creation of VentureSpace, LLC organized on October 20, 2015 and without Thompson's knowledge.

72.     Marks, a business man with developed skill set to run a business , had awareness and reason to know that the Sussex development was essentially a "copy" of the StorageShopUSA™ pattern and that Thompson told Frede not to claim an affiliation or use pictures of the StorageShopUSA™ development. Marks was also sent a cease and desist letter, which included copies of the cease and desist sent to Frede, and he never responded. Instead, Marks ignored the request and continued to use the pictures on craigslist ads, construction signs, and realty estate listings to sell and market his commercial condominiums. Marks had reasonable suspicion that Frede stole the concept from Thompson especially when Frede was using Thompson's StorageShopUSA™ pictures and knew Frede was told to cease and desist.

73.     Johnson, a business woman with a developed skill set to run a business, and specifically trained in real estate, knew that Thompson informed Frede he was not authorized to use the StorageShopUSA™ pictures and trade dress; however, she deliberately and intentionally invested in ownership of the VentureSpace development on Capitol Dr. in Oconomowoc, also knowing the site was copying the StorageShopUSA™ development. Instead of using the VentureSpace drawings, they persisted to represent their association with the StorageShopUSA™ developments by placing, on the realtor's Multiple Listing Service, pictures of the StorageShopUSA™ buildings and commercial trade dress. Johnson purposely used the StorageShopUSA™ affiliation to gain credibility, leverage the StorageShopUSA™ success, and ultimately benefit from increased sales. Johnson had reasonable suspicion that Frede stole the concept from Thompson especially when Frede was using Thompson's StorageShopUSA™ pictures and knew Frede was told to cease and desist.

74.     All defendants had reasonable suspicion that Frede stole the concept from Thompson, utilized the components of the successful StorageShopUSA™ pattern to create VentureSpace, and used pictures from the StorageShopUSA™ to portray success and build value, and when specifically told to cease and desist, –Frede did not.

75.     As a direct and proximate result of the concerted acts of the Frede, Marks, and Johnson, yet including all other defendants, Thompson has lost license fees, market share, and continues to suffer damages from competitive and irreparable harm to the StorageShopUSA™ pattern. Thompson suffers irreparable harm from damage caused to the StorageShopUSA™ reputation, both now and in the future, from Frede's, Marks's, and Johnson's actions which cause the consumer to immediate associate VentureSpace developments with that of StorageShopUSA™.

## Claim No. 2 - Unfair Competition

76.    Plaintiffs incorporate by reference allegations 1 through 10 above as if fully set forth herein.

77.    Defendants' actions constitute direct effect on Thompson's StorageShopUSA™ development s, his quasi-property rights, and his competitive advantage. .Defendants have benefited from a competitive advantage for which they did not spend the time money and effort to establish. Defendants gained approval of three substantially similar commercial condominium sites by representing a direct affiliation with the StorageShopUSA™ developments. Defendants marketed the VentureSpace developments by directly representing the substantial similarity with pictures of the StorageShopUSA™'s buildings, developments, and its commercial success. Defendants did not pay any fees, garnered sales for the VentureSpace units, and have gained an unfair advantage in potential StorageShopUSA™ markets.

78.    Thompson has a quasi-proprietary right to the StorageShopUSA™ pattern. That right was violated when the defendants intentionally converted to their use the pictures of the copyrighted building plans and pattern to unfairly represent, promote market and affiliate VentureSpace with the StorageShopUSA™ pattern giving them an unfair competitive advantage.  Defendants actions are not consistent with the public policy of the state of Wisconsin as stated in sec. 100.20 (1), Stats.

79.    Defendants have essentially violated the unfair competition law by "palming off" or deceiving the public in believing that their developments emanated from the successful StorageShopUSA™ developments through their continued use of pictures and a represented affiliation, and have diverted market share away from Thompson's StorageShopUSA™ by occupying potential StorageShopUSA™ markets.

80.    Defendants embraced a non-constructive effort in competition by an unauthorized substitution of their commercial condominiums for the brand of StorageShopUSA™.  Defendants used the commonly known "bait and switch" tactic to promote, market, and, sell, the VentureSpace commercial condominium units. Defendants attract sales using the trademarked StorageShopUSA™ buildings and obviously have no intention, or authority, to sell them; rather, switch the consumer to a VentureSpace unit which is substantially similar.

81.    The StorageShopUSA™ pattern created a marketing wheel which the defendants have unfairly capitalized on. Building the same building at each location gives buyers comfort because people

get to see what they are buying before they buy it. The advantage is it generates multiple presales, resulting in a benefit to the financial structure, and forms a significant part of the StorageShopUSA™ marketing wheel. The defendants used Thompson's marketing wheel to show their prospective buyers the StorageShopUSA™ Delafield units as a means of preselling the VentureSpace units and unfairly capture Thompson's competitive advantage.

82.     Defendants know enough to appreciate the competitive edge StorageShopUSA™ had over other developments and demonstrates this knowledge by their continued efforts to utilize pictures, represent an affiliation with StorageShopUSA™ developments, and their reluctance to discontinue even when they can provide their prospective buyers renderings of the VentureSpace units.

83.     Defendants created an unfair advantage using the pictures of the StorageShopUSA™ building and therefore, affiliating themselves with the StorageShopUSA™ success without putting forth the time, skill and money to establish their own identity and pattern. Instead, they reaped the benefit of an easier market entry, used an established successful pattern without paying for it, marketed buildings they didn't build only to represent similarity, credibility and success, and do so willfully and maliciously even when asked to stop.

84.     Thompson has lost his ability to exclusively market his StorageShopUSA™ copyrighted building in ads because defendants were using StorageShopUSA™ pictures which created the same identity. Defendants gained market share where Thompson could only have lost it, and Thompson suffers irreparable harm to his marketing efforts.

85.     Defendants' direct and proximate actions created an unfair competition for which Thompson lost potential profits from markets including, but not limited to, Oconomowoc, Cedarburg, and Sussex. Further, Thompson suffers irreparable harm from the loss of his exclusive right to market his own copyrighted building

## Claim No. 3 – Unjust Enrichment

86.     Plaintiffs incorporate by reference allegations 1 through 10 above as if fully set forth herein.

87.     Frede, having been fully informed of the consulting and licensing package, misrepresented his intentions to Thompson and improperly received sufficient proprietary and confidential

information necessary to understand the importance of the pattern established by StorageShopUSA™ developments.

88.     Defendants were fully informed that Frede was copying Thompson's StorageShopUSA™ developments.

89.     Frede's knowledge and appreciation of the information gained, through a deceptive relationship, caused him to copy or mimic the StorageShopUSA™ unique concept. Frede then represented an alleged affiliation with the StorageShopUSA™ pattern to enrich his ability to gain approvals from three municipalities.

90.     Frede patterned the VentureSpace – Sussex development the same as Thompson's StorageShopUSA™ developments and then used the proprietary financial information to sell it to Marks, an investor. Marks, freely accepted the significant potential financial projections, and knew that the VentureSpace development copied that of StorageShopUSA™, and that Frede had proprietary financial information from the StorageShopUSA™ - Delafield development.

91.     Frede patterned the VentureSpace – Oconomowoc development the same as Thompson's StorageShopUSA™ developments and then used the proprietary financial information to sell it to Johnson, an investor. Johnson, freely accepted the significant potential financial projections, and knew that the VentureSpace development copied that of StorageShopUSA™, and that Frede had proprietary financial information from the StorageShopUSA™ - Delafield development.

92.     Frede, Marks and Johnson were explicitly told to stop using the StorageShopUSA™ pictures but did not comply with the cease and desist directives, and therefore, possess knowledge and appreciation for the affiliation with Thompson's StorageShopUSA™ pattern, and continue to benefit from sales without compensating Thompson. Frede, Marks, and Johnson, yet including all other defendants were unjustly enriched from their conscious tortious conduct and must pay for the value gained from the approvals and sales both current and future.

93.     Defendants have gained leverage by both copying the StorageShopUSA™ pattern and alleging an affiliation with Thompson's StorageShopUSA™ development success. Such leverage has clearly and significantly advanced and/or advances their purpose in the form of enhanced VentureSpace unit sales, market share, and affects profits both now and in the future.

**<u>Prayer For Relief</u>**

**WHEREFORE**, Thompson prays for judgement against all Defendants as follows:

A.    Preliminary and permanent injunctive relief to prevent the individual defendants from disclosing any additional trade secrets belonging to Thompson and to prevent them from using the StorageShopUSA™ pattern in any way;

B.    Restitution of all profits made by defendants, in the past and future as a result of having engaged in the wrongful conduct which has or will damage Thompson;

C.    Compensatory damages, plus interest and prejudgment interest in an amount to be determined at trial;

D.    Punitive damages in an amount appropriate to punish or set an example of defendants to be determined at trial;

E.    Other economic and consequential damages in the amount to be determined at trial;

F.    Attorneys' fees, witness fees and the costs of litigation incurred by Thompson in an amount to be determined at trial; and,

G.    For such other and further relief as the Court deems just and proper.

Dated: November 26, 2018

Signed: _____

Gregory A. Thompson
6810 Cross Country Rd.
Verona WI 53593
(608) 444 1515
ssusa@tds.net